# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00007-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| PRESTON BLAKE LANNING, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 15].

On February 16, 2021, the Defendant was charged in a Bill of Indictment with one count of knowingly and unlawfully possessing a firearm and ammunition, knowing that he had been previously convicted of at least one crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1); and one count of knowingly and unlawfully possessing a firearm and ammunition, knowing that he was an unlawful user of a controlled substance and addicted to a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Doc. 1]. On March 12, 2021, Defendant's initial appearance and arraignment were held, at which time the Magistrate Judge

appointed counsel and calendared the case to the May 3, 2021 trial term. On April 15, 2021, the Court continued the case to its current setting during the June 28, 2021 trial term. [Doc. 11]. On June 1, 2021, the Defendant filed a notice of intent to plead guilty and the Government filed a factual basis. [Docs. 13, 14].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 15]. As grounds, counsel states that the Defendant's removal from jail will increase the Defendant's risk of contracting COVID-19 due to multiple interactions with other individuals during transport and holding. [Id. at 2]. Counsel also states that removing the Defendant for an in-person Rule 11 Hearing would require that he spend approximately fourteen (14) days in quarantine or solitary confinement upon his return, as well as require his permanent removal from the dorm where he has been safely living. [Id. at 2-3]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id. at 3].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be conducted in person without seriously jeopardizing public health and safety."

<u>Coronavirus Aid, Relief, and Economic Security Act</u> (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020).  The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." <u>Id.</u>  For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Unopposed Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 15] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: June 7, 2021

Martin Reidinger
Chief United States District Judge