# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:21-cr-00007-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| PRESTON BLAKE LANNING, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 49].

As an initial matter, the Defendant's filing is procedurally deficient in that the Defendant makes his request through a letter. A party cannot seek relief through the filing of letters; only motions will be ruled on by the Court. The Defendant is warned that future filings that are deficient in this respect will be summarily denied. Despite this procedural deficiency, the Court will proceed to address the merits of the Defendant's request.

The Defendant pleaded guilty to one count of possession of a firearm by a convicted felon and one count of being an unlawful user of a controlled substance in possession of a firearm and was sentenced to a term of time

served plus one day of imprisonment and twenty-four months of supervised release on September 23, 2021. [Doc. 27]. The Defendant was released from custody on the same day.

On November 28, 2022, the Defendant's term of supervised release was revoked due to his violating the terms of his supervised release. [Doc. 48]. The Defendant was again sentenced to time served and twenty-four months of supervised release. [Id.]. The terms of his new period of supervised release included his participation a three-month sober living program. [Id.].

Having served roughly twenty months of his twenty-four-month term of supervised release, the Defendant now moves the Court to exercise its discretion and terminate his term of supervised release. [Doc. 49]. In support of his motion, the Defendant argues that he is almost two years sober, is gainfully employed, and has a newborn daughter with severe health problems. [Id.].

The Court may, after considering the relevant § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). In order to terminate a defendant's term of supervised release, the Court must be "satisfied that such action is warranted

2
Case 1:21-cr-00007-MR-WCM   Document 51   Filed 07/30/24   Page 2 of 3

by the conduct of the defendant released and the interest of justice." Id. Here, the Court is not satisfied that termination is warranted at this time. Although the Defendant's apparent adjustment to supervision is commendable, the fact that the Defendant has previously violated the terms of his supervised release and been revoked indicates that the full term of supervision is warranted. In addition, the Defendant has only about four months of supervised release remaining. The Court therefore finds that this short period of further supervision is still warranted. Accordingly, the Defendant's request to terminate his term of supervised release is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a Motion for Early Termination of Supervised Release [Doc. 49], is **DENIED WITHOUT PREJUDICE**. The Defendant's term of supervised release shall continue as originally sentenced.

**IT IS SO ORDERED.**

Signed: July 30, 2024

Martin Reidinger
Chief United States District Judge